IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BESSEY, ALVARO HERNANDEZ, :
CHRISTOPHER BACON, BRANDON MEDLEY :
JOHN DOUGLAS MARTENS, ROSA BALBOA :
ANTONIO DE LEON, and SEAN HONEYSETT :
on behalf of themselves and all other similarly :
situated individuals, :
                                                                  :
        Plaintiffs, : Docket No._____
                                                                  :
        v. :
                                                                    : **Complaint-Class Action**
PACKERLAND PLAINWELL, INC. and : **and Representative Action**
PACKERLAND PACKING COMPANY, INC. :
Delaware corporations who are subsidiaries of the :
Smithfield Beef Group, Inc. :
                                                                    : **JURY TRIAL DEMANDED**
        Defendants. :

Wendell A. Miles
Senior, U.S. District Judge

4:06CV0095

## ORIGINAL CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Plaintiffs, on behalf of themselves and all other similarly situated individuals currently or formerly employed by either Defendants Packerland-Plainwell, Inc. or Packerland Packing Company, Inc. (hereinafter collectively referred to as "Packerland"). at the Plainwell, Michigan beef processing facility, by and through their undersigned counsel, for their Class Action And Representative Action Complaint against Defendants Packerland, allege, upon information and belief, except as to the allegations that pertain to the named Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

## I. INTRODUCTION

1.  This is a class action brought pursuant to Federal Rule of Civil Procedure 23 by Plaintiffs on behalf of themselves and all other similarly situated current and former production and support employees of Defendants Packerland-Plainwell, Inc. and/or Packerland Packing Company, Inc., at their beef processing facility in Plainwell, Michigan for the purpose of obtaining relief under Michigan law for, *inter alia*, unpaid wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief. The named Plaintiffs also bring a representative action against the Packerland Defendants under federal law pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. on behalf of themselves and all other similarly situated individuals.

2.  At all times relevant to this Complaint, Plaintiffs have worked at the "Packerland" beef processing facility located in Plainwell, Michigan. The Packerland Defendants in this case are companies owned by the Smithfield Beef Group, Inc., who is one of the largest meat processing companies in the world. At all times relevant to this Complaint, the Plainwell, Michigan beef processing facility where Plaintiffs worked has been operated by either Defendant Packerland-Plainwell, Inc. and/or Defendant Packerland Packing Company, Inc.

3.  The Packerland Defendants have failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by Michigan and/or federal law. The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and clothing, obtaining tools, equipment and supplies necessary for the performance of their

work, "working" steels and all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

## II.   JURISDICTION AND VENUE

4.   This Court has jurisdiction over Plaintiffs' federal claims because they are brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216 (b), and because they raise a federal question pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction in this matter over Plaintiffs' state law class claims pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs and the Defendants are citizens of the State of Delaware as defined by 28 U.S.C. § 1332(c), since both Packerland Defendants are Delaware corporations.

5.   Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Packerland-Plainwell, Inc. resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## III.   PARTIES

6.   Plaintiff Scott Bessey is a current employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Mr. Bessey presently resides at 1385 115th Avenue, Martin, MI 49070.

7.   Plaintiff Alvaro Hernandez is a former employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Mr. Hernandez presently resides at 515 Delaware Street, S.E., Grand Rapids, MI 49507.

8.	Plaintiff Christopher Bacon is a current employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Mr. Bacon presently resides at 1385 115th Avenue, Martin, MI 49070.

9.	Plaintiff Brandon Medley is a former employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Mr. Medley presently resides at 8471 West D Avenue, Kalamazoo, MI 49009.

10.	Plaintiff John Douglas Martens is a current employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Mr. Martens presently resides at 322 West River Street, Otsego, MI 49078.

11.	Plaintiff Rosa Balboa is a current employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Ms. Balboa presently resides at 1620 Clinton Avenue, Kalamazoo, MI 49001.

12.	Plaintiff Antonio De Leon is a current employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Mr. De Leon presently resides at 1620 Clinton Avenue, Kalamazoo, MI 49001.

13.	Plaintiff Sean Honeysett is a current employee at Packerland's Plainwell, Michigan facility, who was employed during the relevant class period in this case. Mr. Honeysett presently resides at 1362 East M-89, Lot 109, Otsego, MI 49078.

14.	Plaintiffs bring this class action for all state law claims on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Packerland's beef processing facility located in Plainwell, Michigan ("Class members"). Moreover, the named Plaintiffs assert federal claims under the Fair Labor Standards Act as a representative action pursuant to 28 U.S.C. § 216(b), on behalf of

themselves and all other similarly situated employees who work at the Plainwell, Michigan facility.

15. Defendant Packerland-Plainwell, Inc is a Delaware corporation who operates a beef processing facility in Plainwell, Michigan. Defendant Packerland-Plainwell is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States. Defendant Packerland-Plainwell can be served with original service of process through its agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

16. Defendant Packerland Packing Company, Inc. is a Delaware corporation who currently or formerly (within the relevant time period in this case) operates a beef processing facility in Plainwell, Michigan. Defendant Packerland Packing Company is a corporation engaged in interstate commerce and in the production of goods for commerce throughout the United States. Defendant Packerland Packing Company can be served with original service of process through its agent for service, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

### IV. CLASS ACTION ALLEGATIONS

17. The Named Plaintiffs are individuals who are currently, or were within the applicable period of limitations prior to the commencement of this action, employed by the Packerland Defendants at their beef processing facility in Plainwell, Michigan. This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of: current and former production and support employees of the Packerland Defendants at their facility in Plainwell, Michigan (the "Class").

18. Plaintiffs believe that there are at least 2000 present and former production and support employees in the Class during the relevant Class period of August 12, 2000 to the present.

19. Given the size of the Plainwell, Michigan facility and the systematic nature of the Packerland Defendants' failure to comply with Michigan statutory law and common law, the members of the Class are so numerous that joinder of all members is impractical.

20. The Named Plaintiffs' claims are typical of the claims of the Class members because they are or were hourly production and support workers who, like the Class members, sustained damages arising out of Defendants' unlawful compensation system as described in more detail herein.

21. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation.

22. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to Plaintiffs and the Class are:

    a. Whether the work performed by Plaintiffs and the Class is included in the type of work the Packerland Defendants employed Plaintiffs and the Class to perform;

    b. Whether the work performed by Plaintiffs and the Class is compensable under both federal and Michigan state law;

    c. Whether the Defendants have engaged in a pattern and/or practice in Michigan of forcing, coercing, and/or permitting Plaintiffs and the Class to

   perform work for Defendants' benefit which was not properly compensated;

 d. Whether the Defendants have failed to permit meal and rest periods as required by Michigan law, other applicable regulations, and/or Defendants' stated policies;

 e. Whether the Defendants have failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

 **f.** Whether Defendants have failed to keep true and accurate time records for all hours worked by its employees as required by Defendants' policies and federal and state law;

 g. Whether Defendants failed to pay Plaintiffs and the Class for all of the work Defendants required them to perform;

 h. Whether Defendants violated the Michigan Minimum Wage Law;

 i. Whether Defendants were unjustly enriched at the expense of the Plaintiffs through their practices of not paying employees for all time worked;

 j. Whether Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and

 k. The nature and extent of class-wide injury and the measure of damages for the injury.

23. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that

numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class is readily identifiable from the Defendants' own employment records.

24. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

26. Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## V. **PRELIMINARY ALLEGATIONS**

27. Defendants own and operate a beef processing facility in Plainwell, Michigan. The complained of unlawful compensation system at issue in this Complaint has affected Defendants' present and former production and support employees at this location. At all relevant times in this Complaint, the Packerland Defendants have both utilized the same compensation system complained about herein.

28.     Under the Packerland Defendants' wage compensation system, Plaintiffs and Class members who are production employees are paid only during the time that they are present on the actual production assembly line under a system known as "gang time" or "line time." Conversely, the Packerland Defendants, as a matter of policy and practice, do not pay its employees for all required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as donning and doffing clothing, protective equipment, cleaning and sanitizing that equipment, walking to the production line from their locker and vise-versa after already performing compensable activities and before the end of compensable time, working on knife maintenance equipment known as "steels" or "mousetraps", and waiting in line to receive required knives, supplies, tools and equipment needed for production line activities. The Packerland Defendants also require their employees to be present at the production line for periods after their "gang time" (i.e. the time when they stop getting paid) but they are not paid for that time.

29.     Pursuant to federal regulations and the Packerland Defendants' own internal policies and procedures, Plaintiffs and Class members are required to wear uniforms and special personal protective equipment ("PPE") for protection and sanitary reasons. Uniforms include shirts, pants and boots. PPE includes, *inter alia*, plastic aprons, belly guards, wrist guards, sleeves, sheaths, gloves, mesh gloves, mesh aprons, hardhats, hairnets, earplugs, coveralls, eye protection, and other protective equipment and coverings. Most of the Packerland Defendants' employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from

injury. The PPE and other required gear are also designed to protect Packerland's beef product from contamination by food borne diseases.

30. As a consequence of the compensation system utilized by the Packerland Defendants, Plaintiffs and Class members are not paid at the beginning of each shift for the time it takes to don uniforms, obtain gear, maintain gear, walk to sanitation stations and sanitize the required PPE, walk to productions areas and don PPE.

31. At the beginning of each work day, Plaintiffs and Class members are required to report to their lockers to don their uniforms. Production employees must then obtain their PPE, walk to storage areas and obtain knives and other gear, work their steels and/or mousetraps, walk to the sanitation stations and sanitize their gear, walk to the production lines and don the PPE <u>before</u> paid time begins. These employees are not fully paid for this work time.

32. Pursuant to the Packerland Defendants' compensation system, employees are not fully compensated for time spent before or after paid time working steels or mousetraps, which is a necessary task for the performance of their job.

33. During their unpaid lunch and other paid or unpaid breaks, Plaintiffs and Class members have to remove their PPE and then re-don it at the end of breaks. These employees are not paid for this work time.

34. According to the Packerland Defendants compensation system, Plaintiffs and Class members are not paid during the time prior to and during their meal and rest periods, during which time they doff their PPE. Similarly, Plaintiffs and Class members

are not paid at the end of meal and rest periods for the time they spend donning their PPE for continued work in production areas.

35. After the end of paid time, employees must finish their work on production and other activities, walk to wash stations, doff their PPE, wait in line to wash the PPE, knives and other gear, walk to their lockers, doff their uniforms and stow the uniforms, PPE, knives and other gear.

36. According to the Packerland Defendants' compensation system, Plaintiffs and Class Members are not paid for all time worked during the time after "gang time" (when compensation stops) although they continue to work on final production tasks and then walk to and wait at wash areas, doff PPE, wash PPE and gear, walk to lockers, doff uniforms and stow gear and uniforms.

37. As a result of the Packerland Defendants' compensation system, and other practices and policies followed by Defendants, Plaintiffs and Class members are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked for several years.

38. Plaintiffs and all Class members are similarly situated individuals who worked at and/or continue to work at Defendants' beef processing facility in Plainwell, Michigan and who were and/or continue to be deprived of their lawful wages under Michigan law in the same manner.

39. The facts and circumstances relating to the Packerland Defendants' compensation system vis-à-vis production time and employment related activities prior to paid production time and after paid production time present common questions of law and fact pursuant to Federal Rule of Civil Procedure 23.

40. The claims of the named Plaintiffs are typical of the claims of approximately 2000 similarly situated current and former employees. The named Plaintiffs are adequate representatives of those similarly situated employees in that the named Plaintiffs' claims are identical to the claims of the similarly situated employees and former employees.

41. The Defendants' failure to pay Plaintiffs and Class members their lawful wages was and is willful. The Packerland Defendants knew or should have known that its conduct was unlawful and/or showed reckless disregard for the matter of whether its above-described conduct was prohibited by law.

42. Despite its knowledge that time spent by Plaintiffs and Class members, as described above, was compensable time under both state and federal law, the Packerland Defendants have taken no steps to fully compensate workers at their Plainwell, Michigan facility for this time.

## V. CAUSES OF ACTION

### COUNT I

**VIOLATION OF THE MICHIGAN MINIMUM WAGE LAW
MCLS §§ 408.381, et seq.
All Class Members v. Packerland Defendants**

43. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

44. Upon information and belief, the Class period for this cause of action is at least August 11, 2003 to the present.

45. Defendants are required to compensate employees in the manner prescribed by the Michigan Minimum Wage Law, MCLS §§ 408.381 et seq. which establishes, inter alia, that a minimum wage that must be paid for work performed.

12

46.   Defendants are required to compensate employees who perform work at least at the minimum wage prescribed by the Michigan Minimum Wage Law, MCLS §§ 408.381 et seq, if not at their higher agreed upon rate of pay.

47.   As a result of Defendants' unlawful acts, Plaintiffs and class members who have been deprived of compensation in amounts to be determined at trial are entitled to file a civil action seeking recovery of that compensation pursuant to MCLS §§ 408.393, and are entitled to recovery of such amounts, liquidate damages in an equal amount, together with statutory interest, costs and attorneys' fees.

48.   Plaintiffs and class members worked many hours over the past three years without having been paid by Defendants on a weekly basis.

WHEREFORE, Plaintiffs and all other similarly situated pray for the following relief against the Packerland Defendants:

A.  That this Court enter an Order certifying this action as a class action;

B.  That this Court Order an accounting of lost wages for Plaintiffs and all others similarly situated;

C.  That this Court declares that Defendants' wage payment and overtime practices are unlawful;

D.  That this Court enjoin Defendants from continuing to commit unlawful practices related to wages; and

E.  That this Court award lost wages, liquidated damages, lost overtime wages, statutory penalties, interest, costs and attorney's fees.

## COUNT II

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 et seq.**

13

**All Plaintiffs v. the Packerland Defendants**

49. Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

50. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 207, the Packerland Defendants were and are obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of 40 hours per week.

51. Pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b), the Packerland Defendants, because they failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Plaintiffs assert that the Defendants' refusal to pay for time worked was willful.

52. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended if they are successful in prosecuting an action for unpaid overtime wages.

WHEREFORE, Plaintiffs pray for the following relief against the Packerland Defendants:

A. That this Court permits this action to go forward as a representative action pursuant to 28 U.S.C. § 216(b) and approves notice of this action to all other similarly situated Packerland employees at the Plainwell, Michigan facility.

B. That this Court Order an accounting of lost wages for Plaintiffs;

    C.  That this Court enjoin the Defendants from continuing to commit unlawful practices related to wages; and

    D.  That this Court award lost overtime wages, liquidated damages, statutory penalties, interest, costs and attorney's fees.

## COUNT III

### Common Law Unjust Enrichment
### All Class Members v. the Packerland Defendants

53.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

54.    Upon information and belief, the Class period for this cause of action is at least August 11, 2000 to the present.

55.    At all times relevant to the class period, Defendants Packerland Packing and subsequently Packerland-Plainwell devised and implemented a plan to increase its earnings and profits by securing uncompensated work from the named Plaintiffs and Class Members.

56.    Contrary to all good faith and fair dealing, Defendants instructed and encouraged its managers and supervisors to induce Plaintiffs and class members to perform work before and after paid time and during lunch hours and scheduled breaks for which no compensation has been given.

57.    As a result of Defendants' unlawful acts securing the work and efforts of Plaintiffs and the Class members without compensation, Defendants enjoyed reduced labor costs and overhead with regard to plant production at the Plainwell, Michigan plant and realized additional profits and earnings to its own benefit and to the detriment of

Plaintiffs and class members. Defendants retained and continue to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

58. Accordingly, Plaintiff and class members are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

WHEREFORE, Plaintiffs and all other similarly situated pray for the following relief against Defendants Packerland Packing and Packerland-Plainwell:

A. That this Court enter an Order certifying this action as a class action;

B. That this Court Order an accounting of lost wages for Plaintiffs and all others similar situated;

C. That this Court declares that the Packerland Defendants' wage payment and overtime practices are unlawful;

D. That this Court enjoin the Packerland Defendants from continuing to commit unlawful practices related to wages; and

E. That this Court award lost wages and lost overtime wages, interest, costs and attorney's fees.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Jairus Gilden*
JAIRUS M. GILDEN
Michigan Bar # P61452
2711 Eastwood Avenue
Evanston, IL 60201

Phone: (847) 328-8542
Facsimile: (847) 328-8542

BRIAN MCCAFFERTY
Pennsylvania Bar # 66257
1617 JFK Boulevard, Suite 640
Philadelphia, PA 19103
Phone: (215) 569-9070
Facsimile: (215) 569-9070

**Attorneys for Plaintiffs**

DATED: August 10, 2006