UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BESSEY, ALVARO HERNANDEZ,
CHRISTOPHER BACON, BRANDON MEDLEY,
JOHN DOUGLAS MARTENS, ROSA BALBOA,
ANTONIO DE LEON, SEAN HONEYSETT,
JOSE INTERIANO, SERGIO GALLEGOS,
JUAN VELEZ, and ANDREA GARCIA,
on behalf of themselves and all other           Case No. 4:06-cv-95
similarly situated individuals,
                                                Hon. Wendell A. Miles
        Plaintiffs,

v

PACKERLAND PLAINWELL, INC.,
PACKERLAND PACKING COMPANY, INC.,
Delaware corporations who are subsidiaries of the
Smithfield Beef Group, Inc.

        Defendants.
_____/

## MEMORANDUM OPINION

This is a class action involving claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and Michigan statutory and common law. The plaintiffs are current and former employees of defendants Packerland Plainwell, Inc. and/or Packerland Packing Company, Inc. at their beef processing facility located in Plainwell, Michigan. The matter is currently before the court on the parties' Joint Motion for Final Approval of Settlement (docket no. 32).

The parties have reached a settlement which would – if approved – provide a common fund for payment of damages totaling $668,750. In its order entered on May 23, 2007, the court – among other things – preliminarily approved the proposed settlement as fair, reasonable, and

adequate, subject to a hearing on final approval.  The issue of the fairness of the settlement was heard by the court on October 16, 2007.  Although notice of the hearing and of the proposed settlement was given to the class members in a form approved by the court in its May 23, 2007 order, no class members appeared at the hearing, and none have submitted written objections to the proposed settlement.

For the reasons to follow, the court grants the parties' joint motion and approves the settlement as fair, reasonable, and adequate.  A separate Final Judgment and Order of Dismissal will be entered consistent with this Memorandum Opinion.[1]

### Discussion

In this action, the plaintiffs, who are hourly production employees, allege that the defendants failed to properly compensate them for time spent donning, doffing, cleaning, maintaining, and waiting to receive work-related gear, clothing, and equipment, as well as for time spent traveling between changing areas and work stations.  Issues involving donning and doffing and related activities have been the subject of a number of cases filed under the FLSA.  E.g., IBP, Inc. v. Alvarez, 546 U.S. 21, 126 S.Ct. 514 (2005); DeAsencio v. Tyson Foods, Inc., No. 06-3502, 2007 WL 2505583 (3d Cir. Sept. 6, 2007).

Fed.R.Civ.P. 23(e)(1)(A) requires court approval of any settlement of the claims of a certified class.  In addition, Fed.R.Civ.P. 23(e)(1)(C) provides that the court may approve a settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable, and

---

[1] Neither this opinion nor the Final Judgment and Order of Dismissal resolves the issues of attorney's fees, which will be addressed in a separate order.

adequate." Relevant factors framing the inquiry include the likelihood of success on the merits, the risk associated with the expense and complexity of litigation, and the objections raised by class members. Granada Investments, Inc. v. DWG Corp., 962 F.2d 1203, 1205 (6th Cir. 1992).

The court finds that the settlement is fair, reasonable, and adequate. Multi-plaintiff actions under the FLSA can be lengthy and extremely expensive affairs for all involved. Although this case is not unique insofar as other similar cases have been litigated, the results of these cases have been mixed and victory is far from assured. Even if plaintiffs succeeded in a trial on the merits, the costs would likely be high and disproportionate to the amount of potential damages available to class members. At best, the claims involve underpayment of wages for minutes per day based on modest wage rates. Due to alteration of conditions at the production facility, any recovery would be limited to a finite period ending before the litigation even started. In addition, counsel have represented that the facility at issue has a high employee turnover rate, and the class includes significant numbers of immigrant employees; therefore, it is possible if not likely that a larger number of class members could not be located after a protracted court battle. (Over 700 class notices have been returned as undeliverable; this number would likely grow if the litigation were to continue.) The settlement fund of $668,750 provides the class with a recovery exceeding 50 percent of claimed damages. Finally, no class member has asserted objections. Considering the relevant factors as they are presented under the circumstances of this case, the court is satisfied that the settlement is fair, reasonable, and adequate, and should be approved.

Entered this 25th day of October, 2007.

                                                   /s/ Wendell A. Miles
                                                Wendell A. Miles, Senior Judge