UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BESSEY, ALVARO HERNANDEZ,
CHRISTOPHER BACON, BRANDON MEDLEY,
JOHN DOUGLAS MARTENS, ROSA BALBOA,
ANTONIO DE LEON, SEAN HONEYSETT,
JOSE INTERIANO, SERGIO GALLEGOS,
JUAN VELEZ, and ANDREA GARCIA,
on behalf of themselves and all other            Case No. 4:06-cv-95
similarly situated individuals,
                                                 Hon. Wendell A. Miles
          Plaintiffs,

v

PACKERLAND PLAINWELL, INC.,
PACKERLAND PACKING COMPANY, INC.,
Delaware corporations who are subsidiaries of the
Smithfield Beef Group, Inc.

          Defendants.
_____/

## FINAL JUDGMENT
## AND ORDER OF DISMISSAL

This matter came before the court on October 16, 2007 for hearing on the joint motion of the parties for approval of the settlement set forth in the Settlement Agreement dated March 13, 2007. Due and adequate notice has been given to the class as required in the court's Preliminary Approval Order. No class members have objected to the proposed settlement. Upon due consideration, and for the reasons stated in the Memorandum Opinion entered on this same date,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This court has jurisdiction over the subject matter of this action and over all parties to this action, including all class members.

2. Pursuant to Fed. R. Civ. P. 23, the court has certified a class consisting of the following persons: all persons (other than the person who timely and validly requested exclusion from the class identified in Exhibit 2 to the Declaration of Shannon Elise McClure) who have been employed as hourly production employees at Packerland-Plainwell, Inc. during any time from August 11, 2003, through February 5, 2007.

3. With respect to the class, the court finds and concludes that: (a) the members of the class are so numerous that joinder of all class members in the class action is impracticable; (b) there are questions of law and fact common to the class which predominate over any individual question; (c) the claims of the representative plaintiffs are typical of the claims of the class; (d) the representative plaintiffs and their counsel have fairly and adequately represented and protected the interests of the class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Fed. R. Civ. P. 23, the court hereby approves the settlement set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, just, reasonable, and adequate to the class.

5. Except as to the person (identified in Exhibit 2 to the Declaration of Shannon Elise McClure) who has validly and timely requested exclusion from the class, the action and all claims contained herein are dismissed with prejudice as to the representative plaintiffs and the other class members. Further, the court approves the release set forth in paragraph 20 of the Settlement Agreement. Upon the date of this Final Judgment and Order, the representative plaintiffs and each of the class members (with the sole exception stated herein) shall be deemed to have fully, finally, and forever released, relinquished, and discharged all claims against the

defendants as provided in paragraph 20 of the Settlement Agreement.

6. All representative plaintiffs and class members are barred and enjoined from prosecuting any released claims.

7. The court finds that the Settlement Agreement is fair, just, reasonable, and adequate as to the class members and each of the defendants. The Settlement Agreement is hereby finally approved in all respects, and the parties are hereby directed to perform its terms.

8. The notice given to the class was the best notice practicable under the circumstances, and fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

9. Any order entered regarding plaintiffs' attorney's fees motion shall in no way disturb or affect this Final Judgment and Order and shall be considered separate from this Final Judgment and Order.

10. Without affecting the finality of this judgment in any way, the court hereby retains continuing jurisdiction over the following: (a) implementation of the Settlement Agreement and any matters relating to the administration or disposition of the settlement fund; (b) determining plaintiffs' counsel's pending request for attorney's fees, costs, and expenses; and (d) all parties hereto for the purpose of construing, enforcing, and administering the terms of the Settlement Agreement.

Entered this 25th day of October, 2007.

/s/ Wendell A. Miles
Wendell A. Miles, Senior Judge