UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT BESSEY, ALVARO HERNANDEZ,
CHRISTOPHER BACON, BRANDON MEDLEY,
JOHN DOUGLAS MARTENS, ROSA BALBOA,
ANTONIO DE LEON, SEAN HONEYSETT,
JOSE INTERIANO, SERGIO GALLEGOS,
JUAN VELEZ, and ANDREA GARCIA,
on behalf of themselves and all other                    Case No. 4:06-cv-95
similarly situated individuals,
                                                         Hon. Wendell A. Miles
            Plaintiffs,

v

PACKERLAND PLAINWELL, INC.,
PACKERLAND PACKING COMPANY, INC.,
Delaware corporations who are subsidiaries of the
Smithfield Beef Group, Inc.

            Defendants.
_____/


OPINION AND ORDER ON PLAINTIFFS' COUNSELS' AMENDED REQUEST
FOR COURT APPROVAL OF AN AWARD OF ATTORNEY'S FEES
AND COSTS AND EXPENSES


        This is a class action involving claims under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 et seq., and Michigan statutory and common law.  The plaintiffs are current and

former employees of defendants Packerland Plainwell, Inc. and/or Packerland Packing

Company, Inc. at a beef processing facility located in Plainwell, Michigan.  The parties reached

a settlement.  After notice to the class and hearing, the court has approved the settlement and

entered its Final Judgment and Order of Dismissal.  The matter is currently before the court on

Plaintiffs' Counsels' Amended Request for Court Approval of an Award of Attorney's Fees and Costs and Expenses (docket no. 37).

For the reasons to follow, the court grants plaintiffs' counsels' request in part, and denies the remainder without prejudice.

<u>Discussion</u>

The parties' settlement provides a common fund for payment of damages totaling $668,750. Plaintiffs' counsels' motion for attorneys' fees requests a total of $220,686.95. This amount includes not only attorney's fees but also costs and expenses, in addition to payment of $250 to each of the named class representatives. The breakdown of the collective $220,686.95 figure is as follows: $213,193.50 in total attorneys' fees to all of the firms who have represented plaintiffs in the case; $4,493.45 for reimbursement of costs and expenses incurred by plaintiffs' counsel; and $3,000 to the class representatives.[1] If approved, the award would come from the settlement fund.

Regarding motions for awards of attorney's fees in class actions, Fed.R.Civ.P. 23(h)(3) provides that the court "must find the facts and state its conclusions of law on the motion under Rule 52(a)." The following represents the court's findings of fact and conclusions of law on

---

[1]Plaintiffs' counsels' amended motion actually requests a total of $220,687.50, not $220,686.95. The difference is explained by counsels' providing two different figures for costs and expenses: $4,494 and $4,493.45. Plaintiffs' Counsels' Amended Request for Court Approval of an Award of Attorney's Fees and Costs and Expenses at 2, 6. Because the supporting Declaration of Brian P. McCafferty lists expenses totaling $4,493.45, the court has treated this figure as the correct one, although the difference is de minimis.

2

plaintiffs' counsels' motion.[2]

## **Findings of Fact**

1.  Paragraph 8 of the parties' Settlement Agreement (attached as Exhibit 1 to the Joint

Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Class

Notice), at page 16, provides as follows:

> 8.  As compensation fo the time and cooperation of Scott Bessey, Alvaro
> Hernandez, Christopher Bacon, Brandon Medley, John Douglas Martens, Rosa
> Balboa, Antonio De Leon, Sean Honeysett, Jose Interiano, Sergio Gallegos, Juan
> Velez, and Andrea Garcia ("Named Plaintiffs") in assisting Plaintiffs' counsel
> with their representation of the Class, each Named Plaintiff will receive $250
> from the ⅓ portion of the Settlement Fund that is being reserved for payment of,
> inter alia, the Attorneys' Fees and Costs Award.  See Paragraph 16, infra.

Paragraph 16 of the Settlement Agreement, referenced in paragraph 8 above, provides, in

pertinent part, that

> 16.  Class Counsel shall apply to the Court for an award of attorneys' fees
> and costs to be paid from the Settlement Fund in the amount of 33% of the
> Settlement Fund, an amount which includes reimbursement of one-half (½) of the
> Settlement Costs *and payments to the Named Class Members. . . .*

Id., at page 19 (emphasis supplied).

2.  Plaintiffs' counsel have requested an award of attorney's fees totaling $213,193.50, to

---

[2]The parties' Settlement Agreement expressly provides that the settlement "is not contingent upon Court approval of the amount sought in Class Counsel's fee application."  Id. at 19, ¶ 16.  For this reason, the court did not address the issue of fees in its Final Judgment and Order of Dismissal approving the settlement.

be shared among all of the firms who have represented plaintiffs in this case.   This amount represents between 31 and 32 percent of the common settlement fund of $668,750.  When the requested costs, expenses, and payments to the class representatives are included, the total amount requested is $220,686.95, which is just under 33 percent of the common settlement fund of $668,750.

       3.  Exhibit B to the Memorandum of Law in Support of Parties Joint Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Class Notice is a copy of the Class Notice which was mailed to class members informing them of the terms of the proposed (and now approved) settlement.[3]  Regarding attorney's fees, the Class Notice stated that "[s]ome portion" of the $668,750 fund created by the settlement "will be taken . . . to pay for the cost of notice and settlement administration.  The amounts approved by the Court for Plaintiffs' attorney's fees and expenses for their efforts on behalf of the Class also will be deducted from the fund."

       The Class Notice also contains the following paragraph:

> Class counsel has worked on this case so far without receiving any payments at all for their work or their out-of-pocket case expenses.  They will ask the Court for attorneys' fees plus reasonable out-of-pocket case costs and expenses costs up to 33% of the settlement fund, for all of the lawyers that worked on the case.  Packerland has agreed not to oppose this request.  The Court may award less than the amounts requested.  The payments will come out of the settlement fund.

This paragraph appears at the bottom of the second page of the three-page Class Notice.  The

---

[3]The court's Preliminary Approval Order required that notice "substantially in the form" of Exhibit B would be mailed to the class members.  Preliminary Approval Order at 2, ¶ 6.

4

paragraph is not featured prominently on the page, but is instead included six paragraphs below a bold-faced heading in small capital letters which reads "**EXCLUDING YOURSELF FROM THE CLASS**."

4. Packerland distributed the Class Notice to class members currently employed by it on or about June 15, 2007. Class Notices were mailed to the remaining class members on or before July 6, 2007.

5. Plaintiffs' Counsel filed their initial motion for approval of attorney's fees, costs, and expenses on October 3, 2007, followed by their amended motion on October 12, 2007. Neither the original nor the amended motion is accompanied by a proof of service on class members. Thus, it appears that the only notice to class members of the amount of attorney's fees to be requested by class counsel is the paragraph included in the Class Notice mailed before counsel filed their motion for approval of an award of fees.

6. Although the provisions of the Settlement Agreement were summarized in the Class Notice, the Class Notice makes no mention of additional incentive or compensatory payments to be made to class representatives. Copies of the Settlement Agreement were not mailed to class members with the Class Notice, although the Class Notice did inform class members that they could make written requests for copies of the entire Settlement Agreement.

7. No class members have asserted written objections to any aspect of the settlement described in the Class Notice.

8. A hearing on the parties' joint motion for final approval of the settlement was held on October 16, 2007. No class members appeared at the hearing to voice objections to the settlement.

5

9.  Although the class representatives were represented by counsel at the fairness hearing, they did not appear in person.  None of the class representatives have filed affidavits describing their efforts in assisting class counsel in this action.

## Conclusions of Law

A.  Fed.R.Civ.P. 23(h) provides that the court in a class action "may award reasonable attorney fees and nontaxable costs authorized by law or by agreement of the parties."  The FLSA provides for awards of attorney's fees.  Specifically, section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides that the court, in an action filed under the statute, "shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'"  Fegley v. Higgins, 19 F.3d 1126, 1134 (6th Cir.) (quoting United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co., 732 F.2d 495, 502 (6th Cir. 1984)), cert. denied, 513 U.S. 875 (1994)).  "An award of attorney fees to a prevailing plaintiff under § 16(b) of the FLSA is mandatory[.]"  Fegley, 19 F.3d at 1134 (citation omitted).

Here, plaintiffs are prevailing parties even though defendants have not admitted liability, insofar as plaintiffs have obtained a monetary settlement and judgment in satisfaction of their claims for unpaid or underpaid wages.  See DiLaura v. Township of Ann Arbor, 471 F.3d 666, 670 (6th Cir. 2006) (construing 42 U.S.C. § 1988, observing that plaintiff achieves prevailing party status when plaintiff has achieved some of the benefit sought in bringing suit, including an

6

enforceable judgment, consent decree, or settlement), petition for certiorari filed, No. 07-346, 76

U.S.L.W. 3113 (Sep. 10, 2007).  Plaintiffs are therefore entitled to an award of attorney's fees in

this action.  Here, under the terms of their Settlement Agreement, the parties have agreed that the

settlement fund is to be used in part to fund the attorney's fees and costs.

      B.  Fed.R.Civ.P. 23(h)(1) provides that a "claim for an award of attorney fees and

nontaxable costs must be made by motion," notice of which must not only be served on the

parties but also – for motions by class counsel – "directed to class members in a reasonable

manner."  Fed.R.Civ.P. 23(h)(2) also permits class members to object to the motion for fees.

      C.   Although no separate notice of class counsels' motion for attorney's fees was sent to

class members, reasonable notice of the maximum amount counsel intended to seek was included

in the Class Notice describing the settlement.  Specifically, the Class Notice's language

indicating that class counsel "will ask the Court for attorneys' fees plus reasonable out-of-pocket

case costs and expenses costs up to 33 % of the settlement fund" provides a fair estimate of the

amount counsel would seek, consistent with the requirement of Fed.R.Civ.P. 54(d)(2)(B).  Class

members were notified that they could object; none did.  Under the circumstances, notice of the

request for attorney's fees was provided to the class in a reasonable manner.  See In re Bisys

Securities Litigation, No. 04 Civ. 3840(JSR), 2007 WL 2049726 (S.D.N.Y. July 16, 2007)

(information regarding attorney's fees was presented to class in a reasonable manner where class

notice stated that counsel intended to apply for award "not greater than one-third" of settlement

fund).

      D.  In common fund cases, Sixth Circuit authority expresses no particular preference for

application of either the lodestar method or the percentage of the fund method in determining

awards of attorneys' fees; instead, it requires "only that awards of attorney's fees by federal courts in common fund cases be reasonable under the circumstances." <u>Rawlings v. Prudential-Bache Properties, Inc.</u>, 9 F.3d 513, 515-516 (6th Cir. 1993).  Given the "unique factors" which may be present in common fund cases, <u>id</u>. n. 1,

> When awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved.  . . .  The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved. For these reasons, it is necessary that district courts be permitted to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them.

<u>Id</u>. at 516 (citation omitted).  Whatever methodology the court decides to apply, it "must provide a clear statement of the reasoning used in adopting a particular methodology and the factors considered in arriving at the fee."  <u>Id</u>.

The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."  <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 478, 100 S.Ct. 745, 749 (1980).  The court concludes that the percentage of fund method is the proper method in this case for compensating plaintiffs' counsel.  The fact that the damages which could have been claimed by each class member were relatively modest provides a strong reason for adopting the percentage of recovery method, for it rewards counsel for taking on a case which might not otherwise be economically feasible.

E.  "Empirical studies show that, regardless whether the percentage method or the

lodestar method is used, fee awards in class actions average around one-third of the recovery." Shaw v. Toshiba America Information Systems, Inc., 91 F.Supp.2d 942, 972 (E.D. Tex. 2000). The court concludes that the figure sought here of approximately 33 percent, which includes costs and expenses, is reasonable.  Plaintiffs' counsel have created a fund from which over 2,000 claimants will benefit.  In addition, given the amount of the settlement fund created, counsel will be compensated for the risk encountered without receiving a windfall.

F.  Plaintiffs' counsel have requested that the court approve payments of $250 each – for a total of $3,000 – to the twelve named plaintiffs, who are the class representatives, "to compensate them for the time and effort of assisting Plaintiffs' counsel."  Memorandum of Law in Support of Plaintiffs' Counsels' Request for Court Approval of an Award of Attorney's Fees and Costs and Expenses at 1-2.  The Preliminary Approval Order, drafted by the parties and approved and entered by the court, refers to these payments as "incentive awards" to the class representatives.  Id. at 3, ¶ 10.[4]

The Sixth Circuit has stated that in class actions, "there may be circumstances where incentive awards are appropriate[.]"  Hadix v. Johnson, 322 F.3d 895, 898 (6th Cir. 2003). However, that court has not resolved "the difficult issue of detailing precisely when they are appropriate[.]"  Id.   Here, although the fact that the Settlement Agreement provided for incentive awards to class representatives did not affect the agreement's fairness, reasonableness, or adequacy (the court has already approved the settlement), up to this point the plaintiffs have

_____

[4]Plaintiffs have included the request for approval of the incentive awards within counsels' motion for approval of an award of attorney's fees, costs, and expenses.  However, incentive awards "do not fit comfortably within the commonly accepted meaning of 'expenses.'"  In re Southern Ohio Correctional Facility, Nos. 00-3454, 00-3455, 00-3090, 24 Fed. Appx. 520, 528 (6th Cir. Dec. 26, 2001).

not pointed to any specific factual or legal reasons why each class representative should receive $250 above and beyond what he or she will receive in damages under the settlement.   Nor have plaintiffs established that class members have been given sufficient notice of the incentive awards and an opportunity to object.  Although class members, if notified of the incentive awards, would have little reason to object, given that denial of the incentive awards would increase their distributions from the settlement only minimally, the record does not at this point justify the proposed extra payments.  See Montgomery v. Aetna Plywood, Inc., 231 F.3d 399, 410 (7th Cir. 2000) (district court did not abuse its discretion in refusing to grant an incentive award to lead plaintiff, where counsel failed to make any serious argument in favor of granting such an award, especially in the amount requested, and counsel failed to include in the most recent class notice adequate information regarding counsel's plan to seek an incentive award).

### Order

For the foregoing reasons, the court grants Plaintiffs' Counsels' Amended Request for Court Approval of an Award of Attorney's Fees and Costs and Expenses – in part – as follows: plaintiffs' counsel are hereby awarded $213,193.50 in total attorneys' fees, and $4,493.45 for reimbursement of costs and expenses incurred by plaintiffs' counsel.  These amounts shall be paid from the settlement fund.

The request to pay an additional $3,000 to the class representatives, or $250 to each representative, is denied without prejudice.  **Within 15 days of the date of this order**, **class counsel shall file either (1) a memorandum in support of the requested incentive awards, or**

**(2) a memorandum proposing how the $3,000 should otherwise be distributed (for example, as provided in paragraph 5 of the Settlement Agreement).**[5]

Entered this 26th of October, 2007.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[5]As stated in the court's Final Judgment and Order of Dismissal, the court retains continuing jurisdiction over matters involving (1) the implementation of the Settlement Agreement and any matters relating to the administration or disposition of the settlement fund; (2) determining plaintiffs' counsels' current request for attorney's fees, costs, and expenses; and (3) construing, enforcing, and administering the terms of the Settlement Agreement.  The court does not retain jurisdiction to resolve any disputes which may arise between or among class counsel as to the allocation of the awarded attorney's fees, expenses, and costs.